JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FASTBUY, INC., a New Jersey Corporation; SHUAI CHEN, an Individual; US ELOGISTICS SERVICE CORP., a New Jersey Corporation; and DOES 1-10, Inclusive,<br><br>        Defendants. | Case No.: 2:18-cv-01802<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / *Lanham Act* § 32(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION [15 U.S.C. § 1125(a) / *Lanham Act* § 43(a)]**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br>**(5) CONTRIBUTORY TRADEMARK INFRINGEMENT**<br>**(6) VICARIOUS TRADEMARK INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff Cree, Inc. ("Plaintiff") to hereby file its Complaint for Damages against Defendants Fastbuy, Inc., Shuai Chen, US Elogistics Service Corp., and Does 1-10, inclusive (collectively "Defendants").

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a North Carolina corporation, having its principal place of business in Durham, North Carolina.

2. Plaintiff is informed and believes that Defendant Fastbuy, Inc. was at the time of the filing of this Complaint and at all intervening times, a New Jersey corporation, having a principal business office located at 1601 W. Mission Blvd., Suite 100, Pomona, California 91766.

3. Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant Fastbuy, Inc. did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

4. Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant Fastbuy, Inc. was undercapitalized.

5. Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant Fastbuy, Inc. has failed to observe corporate formalities required by law.

6. Plaintiff is informed and believes that Defendant Shuai Chen was at the time of the filing of this Complaint and at all intervening times, an individual and Chief Executive Officer/President of Fastbuy, Inc., residing in Brooklyn, New York.

7. Plaintiff is informed and believes that Defendant Shuai Chen is the alter ego of Defendant Fastbuy, Inc., having personally directed and benefited from

- 2 -
**COMPLAINT FOR DAMAGES**

1 the infringing activities of the corporation.

2 8. Plaintiff is informed and believes that Defendant US Elogistics
3 Service Corp. was at the time of the filing of this Complaint and at all intervening
4 times, a New Jersey corporation, having a principal business office located at 1601
5 W. Mission Blvd., Suite 100, Pomona, California 91766.

6 9. Plaintiff is further informed and believes that Defendant US Elogistics
7 Service Corp. operates two warehouses in the State of California.

8 10. Plaintiff further alleges that Defendants Fastbuy, Inc., Shuai Chen, US
9 Elogistics Service Corp., and Does 1-10, inclusive, sued herein by fictitious names,
10 are jointly, severally and concurrently liable and responsible with one another upon
11 the causes of action hereinafter set forth.

12 11. Plaintiff is informed and believes and thereon alleges that at all times
13 mentioned herein Defendants Fastbuy, Inc., Shuai Chen, US Elogistics Service
14 Corp., and Does 1-10, inclusive, and each of them, were the agents, servants and
15 employees of every other Defendant and that the acts of each Defendant, as alleged
16 herein, were performed within the course and scope of that agency, service or
17 employment.

18 12. The true names and capacities, whether individual, corporate,
19 associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are
20 unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious
21 names. When the true names and capacities of said Defendants have been
22 ascertained, Plaintiff will amend this pleading accordingly.

23

24 **JURISDICTION / VENUE**

25 13. This Court has jurisdiction over the subject matter of the First,
26 Second, Third, Fifth and Sixth Cause of Action (direct and secondary violations
27 of the *Lanham* Act) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331
28 and/or 1338(a).

**COMPLAINT FOR DAMAGES**

14. This Court has personal jurisdiction over Defendants as Defendants have committed the tortious activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.

15. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because Defendants maintain principal business offices and warehouses within the Central District of California and a substantial part of the events or omissions giving rise to Plaintiff's claims against Defendants occurred and continue to occur within the Central District of California.

## GENERAL ALLEGATIONS
### Plaintiff and CREE® Light Emitting Diodes (LEDs)

16. Plaintiff is a market-leading innovator in the design, development, manufacture, and sale of light-emitting diodes ("LEDs").

17. Plaintiff manufactures and sells LED bulbs, LED lighting products, LED components ("CREE LEDs"), and LED chips to manufacturers, resellers, and retailers, and uses, or authorizes third-party manufacturers to use, its registered word and design marks for CREE LEDs and LED bulbs, lighting products and chips (collectively "CREE LED Products"). Plaintiff's CREE LED Products have achieved great success since their introduction as early as July 1990.

18. Plaintiff has obtained trademark registrations from the United States Patent and Trademark Office ("U.S.P.T.O.") for the **CREE**® word marks (U.S.P.T.O. Reg. Nos. 2,440,530; 3,935,629; and 3,935,628) for light emitting diodes, flashlights, LED (light emitting diode) lighting fixtures, light bulbs, lighting fixtures, spotlights, diodes, transistors, semiconductor devices, seminconductor chips, and semiconductor wafers, among other goods and services (collectively "CREE Word Marks").

19. Plaintiff has also obtained trademark registrations for the following design marks for light emitting diodes, flashlights, headlamps, and light bulbs, among other goods and services (collectively "CREE Design Marks").

**CREE** (U.S.P.T.O. Reg. Nos. 2,452,761; and 3,935,631)

**CREE** (U.S.P.T.O. Reg. No. 4,233,855)

 (U.S.P.T.O. Reg. No. 3,998,142)

**CREE LEDs** (U.S.P.T.O. Reg. Nos. 3,360,315; and 4,558,924)

20. Plaintiff has also obtained trademark registration for the **XM-L®** word mark (U.S.P.T.O.Reg. No. 5,294,417) for light emitting diodes (LEDs); semiconductor devices and LEDs, sold separately for use as component parts in lighting apparatus, lighting fixtures, downlights, table lamps, light bulbs, flashlights, headlamps, motor vehicle lighting, and portable lighting ("XM-L Word Mark"). (Plaintiff's non-exhaustive list of CREE Word Marks, CREE Design Marks and XM-L Word Mark identified above are collectively referred to herein as "CREE Trademarks").

///

21. Plaintiff's CREE LED Products have earned a reputation for innovation, quality and performance, and Plaintiff has spent substantial time, money on television, print, and online advertising in an effort to develop consumer recognition and awareness of its CREE LED Products and the CREE Trademarks.

22. Through the extensive use of the CREE Trademarks, Plaintiff has built up and developed significant goodwill in the CREE LED Products. As a result of the quality and popularity of CREE LED Products, the CREE Trademarks have been prominently placed in the minds of the public. Manufacturers, resellers, retailers, consumers, and members of the public have become familiar with Plaintiff's CREE LED Products and the CREE Trademarks, and have come to recognize the CREE Trademarks and the CREE LED Products, and associate them exclusively with Plaintiff.

23. Plaintiff uses the CREE Trademarks in relation to CREE LEDs that it manufactures, sells, and distributes directly and through authorized distributors.

24. Plaintiff has authorized certain distributors of CREE LEDs to use CREE Trademarks under license in furtherance of the sale and distribution of CREE LEDs.

25. Plaintiff has also authorized third-party product manufacturers that incorporate CREE LEDs into their products to use certain CREE Word Marks and CREE Design Marks under license, including but not limited to third-party product manufacturers of consumer portable and high-end portable lighting products such as flashlights and headlamps.

26. Plaintiff has never sold or distributed any CREE LEDs or CREE LED Products to Defendants nor have any of Plaintiff's authorized distributors or branding partners sold or distributed any CREE LEDs, CREE LED Products or any portable lighting products illuminated by genuine CREE LEDs to Defendants.

27. Plaintiff has never authorized or consented to Defendants' use of the CREE Trademarks, in commerce.

28. Plaintiff has never authorized or consented to Defendants' manufacturing, exporting, importing, advertising, marketing, offering for sale, selling, distributing, or otherwise dealing in any CREE LED Products or any portable lighting products bearing any CREE Trademarks.

## Defendants' Infringing Conduct

29. Plaintiff is informed and believes that Defendants operate a business enterprise: (i) directly importing products from China into the United States to warehouses operated by Defendants; (ii) directly advertising products for sale and selling products to consumers online through eBay.com ("eBay"); (iii) directly processing payment for products sold to consumers by Defendants on eBay using the payment processing services provided by PayPal.com ("PayPal"); and (iv) directly warehousing, packaging, shipping and distributing products sold to consumers through eBay (including products warehoused within the State of California and the Central District).

30. Plaintiff is further informed and believes that Defendants: (i) registered an account on eBay under seller ID "hi-etech"; (ii) advertised and offered for sale portable lighting products, including flashlights, powered by non-genuine CREE LEDs not manufactured by Plaintiff or any of Plaintiff's authorized licensees to consumers using CREE Trademarks in advertising on eBay under seller ID "hi-etech"; (iii) registered an account(s) on PayPal; (iv) used a PayPal account(s) to processes payment for portable lighting products sold to consumers by Defendants using the CREE Trademarks in advertising on eBay under seller ID "hi-etech"; and (v) warehoused, packaged, shipped and distributed portable lighting products to consumers bearing counterfeit CREE Trademarks.

31. Plaintiff is further informed and believes that Defendants business enterprise also encompasses the: (i) importation of products from China into the United States to warehouses operated by Defendants on behalf of third-parties in China; (ii) processing payment for products advertised for sale and sold to

consumers through the website Tmart.com ("Tmart"); and (iii) warehousing, packing, shipping and distributing products advertised for sale and sold to consumers through Tmart.com (including products warehoused within the State of California and the Central District).

32. Plaintiff is further informed and believes that all commercial transactions facilitated through eBay under seller ID "hi-etech", with warehousing, packing, shipping and distributing provided by Defendants, are completed through a PayPal account(s) registered by Defendants, and that all funds collected on sales of products advertised for sale through this eBay account was processed and received by Defendants.

33. Plaintiff is further informed and believes that commercial transactions facilitated through Tmart.com, with warehousing, packing, shipping and distributing provided by Defendants, are completed through a PayPal account(s) registered by Defendants, and that funds collected on sales of portable lighting products, including headlamps, powered by non-genuine CREE LEDs not manufactured by Plaintiff or any of Plaintiff's authorized licensees products advertised for sale and sold through Tmart.com were processed and received by Defendants.

34. Plaintiff is further informed and believes that Defendants directly and secondarily advertised, marketed, offered for sale, sold, and distributed portable lighting products illuminated by non-genuine CREE LEDs, including flashlights and headlamps, to consumers through eBay and Tmart using the CREE Trademarks in advertising.

35. Plaintiff is further informed and believes that Defendants directly and secondarily advertised, marketed, offered for sale, sold, and distributed portable lighting products illuminated by non-genuine CREE LEDs, including flashlights and headlamps, to consumers through eBay and Tmart bearing counterfeit CREE Trademarks.

36. Through these importations, advertisements, sales and distributions of non-genuine CREE LED Products and portable lighting products, including flashlights and headlamps, illuminated by non-genuine CREE LEDs, using CREE Trademarks in advertising and/or bearing counterfeit CREE Trademarks, Defendants have used the CREE Trademarks in commerce in violation of Plaintiff's exclusive rights in its trademarked materials, goods and services, and used images and marks that are identical to, confusingly similar to and/or constitute counterfeit reproductions of the CREE Trademarks to confuse consumers and aid in the promotion and sales of their unauthorized products.

37. Defendants' infringing conduct began after Plaintiff's adoption and use of the CREE Trademarks, after Plaintiff obtained the trademark registrations alleged above, and Defendants' infringing conduct continued after Defendants' were on notice of Plaintiff's claims.

38. Defendants' infringing conduct was committed in bad faith, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' non-genuine and/or counterfeit goods.

39. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the CREE Trademarks; (ii) dealt in products bearing counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants, Plaintiff, and Plaintiff's authorized licensees and/or the products advertised and sold by Defendants, Plaintiff, and Plaintiff's authorized licensees; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in trademark counterfeiting; and (vii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## (Infringement of Registered Trademarks against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1 through 10, Inclusive)

**[15 U.S.C. § 1114 / *Lanham Act* § 32(a)]**

40. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

41. Plaintiff has continuously used its CREE Trademarks in interstate commerce.

42. Plaintiff, as the owners of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. § 1114.

43. Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holders of the CREE Trademarks.

44. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the CREE Trademarks to deal in and commercially distribute, market and sell products bearing CREE Trademarks and/or using CREE Trademarks in advertising of portable lighting products, including flashlights and headlamps.

45. Defendants intentionally and knowingly used, in commerce, reproductions, counterfeits, copies and/or colorable imitations of Plaintiff's CREE Trademarks in connection with the importation, offering for sale, sale, distribution, and advertising of Defendants' goods by offering for sale, advertising, promoting, retailing, selling, and distributing counterfeit portable lighting products bearing the CREE Trademarks.

/ / /

46. Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiff's CREE Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff and illuminated by genuine CREE LEDs.

47. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the CREE Trademarks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

48. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

49. Defendants' continued and knowing use of Plaintiff's CREE Trademarks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a) / *Lanham Act* § 43(a)]**

50. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

///

51. Plaintiff, as the owner of all common law right, title, and interest in and to the CREE Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's CREE Trademarks are arbitrary, fanciful or otherwise inherently distinctive.

52. Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the CREE Trademarks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

53. Plaintiff has not authorized or consented to Defendants' use of the CREE Trademarks in any manner. Plaintiff has not endorsed any of Defendants' products illegally bearing CREE® Trademarks and Defendants' products are not illuminated by genuine CREE LEDs.

54. Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's CREE Trademarks.

55. On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

56. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's CREE Trademarks would cause confusion, mistake, or deception among

purchasers, users and the public.

57. Defendants' egregious and intentional use of CREE Trademarks and sale of counterfeit portable lighting products bearing Plaintiff's CREE Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the sub-standard portable lighting products purchased are illuminated by genuine CREE LEDs.

58. Defendants' continuing and knowing use of Plaintiff's CREE Trademarks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

59. Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of genuine CREE LEDs products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

60. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

**(Dilution against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

61. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

62. Plaintiff's asserted marks are distinctive and famous within the meaning of the *Lanham Act*.

63. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks. Defendants' conduct is willful, wanton and egregious.

64. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE LEDs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and their marks.

65. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

66. As the acts alleged herein constitute a willful violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116,

1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1 through 10, Inclusive)**

[*California Business & Professions Code* § 17200 *et seq.*]

67. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

68. By marketing, advertising, promoting, selling and/or otherwise dealing in portable lighting products bearing counterfeit CREE Trademarks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq*.

69. Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the portable lighting products bearing counterfeit CREE Trademarks is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

70. Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit products would cause confusion mistake or deception among purchasers, users and the public.

71. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in portable lighting products bearing counterfeit CREE Trademarks, Defendants intended to and did induce customers to purchase products by trading off the extensive goodwill built up by Plaintiff in their marks.

72. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

73. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

74. Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiff seeks injunctive relief.

75. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies and assets in Defendants' possession that rightfully belong to Plaintiff.

/ / /

/ / /

/ / /

- 16 -
**COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

**(Contributory Infringement of Registered Trademarks against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1-10, Inclusive)**

76. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

77. Defendants are, and at the time of its actions complained of herein were, actually aware that Plaintiff is the registered owner of the CREE Trademarks.

78. By offering for sale, receiving payment and/or distributing portable lighting products bearing counterfeit CREE Trademarks to consumers, Defendants have substantially and materially contributed to the infringement of Plaintiff's CREE Trademarks and profit from same.

79. Defendants have also induced the infringement of Plaintiff's CREE Trademarks by intentionally advertising, receiving payment for and/or distributing portable lighting products bearing counterfeit CREE Trademarks to consumers.

80. Defendants did not and failed to obtain the consent or authorization of Plaintiff, as the registered owner of the CREE Trademarks, to use Plaintiff's CREE Trademarks to deal in and commercially import, sell and distribute portable lighting products, including flashlights and headlamps, to consumers through eBay and Tmart.

81. Plaintiff is informed and believes that Defendants knew or should have known that the portable lighting products they were dealing in, importing, selling and distributing either directly or for users of its services were counterfeit goods infringing upon the CREE Trademarks.

82. As a proximate result of Defendants' contributory actions infringing upon Plaintiff's CREE Trademarks, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION

**(Vicarious Infringement of Registered Trademarks against Defendants FASTBUY, INC., SHUAI CHEN, US ELOGISTICS SERVICE CORP., and DOES 1-10, Inclusive)**

83. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

84. Plaintiff is the exclusive owner of Plaintiff's CREE Trademarks and possesses trademark registrations for the same with the U.S.P.T.O.

85. Defendants have derived business financial gains and profited directly from customer use of Defendants' advertising, payment receiving, and/or distribution services to distribute portable lighting products, including flashlights and headlamps, bearing counterfeit CREE Trademarks to consumers.

86. Plaintiff is informed and believes that Defendants had the right and ability to supervise and/or control the infringing activity of users of their services.

87. Defendants failed to exercise their right and ability to supervise and/or control the infringing activity of users of their services.

88. As a proximate result of Defendants' actions, Plaintiff has suffered monetary damage as well as irreparable harm and unquantifiable damage to its CREE Trademarks, reputation and goodwill.

WHEREFORE, Plaintiff Cree, Inc. prays for judgment against Defendants Fastbuy, Inc., Shuai Chen, US Elogistics Service Corp., and Does 1-10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition

under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which

rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

DATED: March 2, 2018         JOHNSON & PHAM, LLP

By: /s/ Marcus F. Chaney
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
CREE, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Cree, Inc. respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.

DATED: March 2, 2018         JOHNSON & PHAM, LLP

By: /s/ Marcus F. Chaney
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
CREE, INC.

**COMPLAINT FOR DAMAGES**